# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KINDER MORGAN
OPERATING LP "C", a
Delaware limited partnership,

        Plaintiff,

vs.

LA ASH, INC., a Louisiana corporation,

        Defendant
_____/

Case No. 8:10-cv-00387-JSM-EAJ

## ANSWER

Defendant, LA ASH, INC., (hereinafter, Defendant) answers the numbered allegations in the Complaint filed by the Plaintiff and responds as follows:

1. Admits.

2. Admits that Plaintiff operates a storage facility adjacent to the docks in Tampa, Florida, but lacks knowledge or information regarding the truth of the remainder of the allegation.

3. Admits.

4. Legal conclusion of the Plaintiff which requires no response.

5. Denies, except admits that Defendant contracted with Plaintiff for services in Florida. Defendant avers that the contract speaks for itself.

6. Legal conclusion which requires no response.

7. Admits that the paper attached to the Complaint as Exhibit A is a copy of the contract. Defendant denies the remainder of the allegation and avers that the document speaks for itself.

8. Admits that Exhibit B is a copy of the first Amendment to the contract, and denies the remainder of the allegation.

9. Legal conclusion requiring no response. Defendant avers that the Amendment speaks for itself.

10. Legal conclusion requiring no response. Defendant avers that the Amendment speaks for itself.

11. Denies the allegation and avers that Plaintiff never invoiced Defendant for any payments as it was obligated to do under the basic contract as a condition precedent to Defendant's obligation to pay.

12. Admits that Defendant received a letter similar to Exhibit C and avers that the letter speaks for itself.

13. Denies that Defendant did not respond to Plaintiff's letter, and avers that the parties have been in conversation attempting to settle these matters.

14. Legal conclusion requiring no admission or denial.

15. Legal conclusion requiring no admission or denial.

16. Denies that amounts were due or that any failure of Defendant to pay was a default.

17. Denies. Defendant avers that Plaintiff failed to load the product into barges as it was required to do under the contract.

18. Defendant does not have sufficient knowledge or information to admit or deny the allegation.

19. Defendant does not have sufficient knowledge or information to admit or deny the allegation. Defendant avers that Plaintiff is not entitled to recover any attorney's fees unless provided for by contract or statute.

20. Admits that Plaintiff is in the business of storing goods for hire and loading product for shipment by water, and has insufficient knowledge or information to admit or deny the remainder of the allegation.

21. Admits that Defendant's business includes buying and selling certain commodities and denies the remainder of the allegation.

22. Legal conclusion requiring no admission or denial.

23. Admits.

24. Admits that a copy of a notice is attached to the complaint as Exhibit D, and avers that the remainder of the allegation is a legal conclusion of Plaintiff.

25. Plaintiff's conclusion requiring no admission or denial from Defendant.

**WHEREFORE**, Defendant requests that this court deny Plaintiff's claims for damages, deny Plaintiff's request for an order confirming enforcement of Plaintiff's lien, and further order Plaintiff to refrain from enforcing the lien until the parties' rights are adjudicated.

## AFFIRMATIVE DEFENSES

1. Plaintiff cannot recover for any claimed breach because of its own breach.

2. Defendant paid Plaintiff $56,553.92 for Plaintiff to offload the ash from the silos into barges. Since Plaintiff failed to do so that $56,553.92 is an offset against any amount found due and owing to Plaintiff.

3. There is no statute or contract provision entitling Plaintiff to recover its attorney fees.

## COUNTERCLAIM FOR BREACH OF CONTRACT

1. Prior to contracting with Plaintiff, Defendant had been shipping ash by rail car from Jacksonville, FL to Port Arthur, TX to supply its customers with ash for mixing with soil to create a stable base for construction.
2. Shipping by water would have been more expedient.
3. Plaintiff's facilities are located on the Tampa waterfront near loading docks.
4. Plaintiff's business includes loading commodities such as ash into barges for shipping.
5. Defendant selected Plaintiff because of its location and barge-loading capability.
6. Plaintiff and Defendant contracted for Defendant to ship ash by rail to Plaintiff's facilities in Tampa and load the ash into barges.
7. Plaintiff knew when it contracted that Defendant needed to load the ash into barges and that Defendant was not seeking long-term storage.
8. Prior to sending the rail car shipments to Plaintiff, Defendant submitted a sample of the ash to Plaintiff.
9. Plaintiff failed to apprise Defendant that it could not load the ash into barges until after Defendant had delivered more than 100 rail cars of ash to Plaintiff.
10. Defendant paid Plaintiff $56,553.92 for transferring the ash to barges.

4

11. Because Plaintiff would not or could not load the ash into barges Plaintiff breached the contract causing Defendant to be unable to supply the ash to its own customer.

12. Defendant has suffered damages due to Plaintiff's breach of the contract.

WHEREFORE Defendant requests this court to award it its provable damages resulting from Plaintiff's breach.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document was sent by U.S. Mail to Plaintiff's attorney, Anthony J. Cuva, BajoCuva, 100 S. Tampa Street, Suite 1900, Tampa, FL 33602 on the 2²⁻ day of April, 2010.

Respectfully Submitted

Whilden S. Parker
Attorney for Defendant
Florida Bar No. 278858
P.O. Box 565
Ruskin, FL 33575
Tel. (813) 362 5390
Email: wparker27@tampabay.rr.com